JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDGET BLINDS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE MORGAN, an individual; and DOES 1-10,<br><br>Defendant. | Case No.: CV 10-5622-AG (RNBx)<br>Honorable Andrew J. Guilford<br><br>[PROPOSED] ORDER<br><br>JUDGMENT |

Plaintiff BUDGET BLINDS, INC. ("BBI") commenced this action by filing the Complaint and serving Defendant WAYNE MORGAN referred to herein as ("Defendant" or "Morgan") with the Summons and Complaint. The parties whose names appear hereafter, have agreed to settle this action without adjudication of any issue of fact or law, and without admitting to any contested issues of fact or to liability for any of the violations alleged in the Complaint.

[PROPOSED] ORDER

THEREFORE, on the joint stipulation of BBI and Morgan, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. The United States District Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1441(b). Specifically, this is a civil case between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in the Central District of California because the operative agreement between BBI and Morgan specifically provides that this Court is the proper venue for any action arising under the parties' agreement.

3. The Complaint states a claim upon which relief may be granted against Morgan for Breach of Written Contract, Service Mark Infringement – 15 U.S.C. § 1114, False Designation/Unfair Competition – 15 U.S.C. § 1125(A), Unfair Business Practices, Unjust Enrichment, Accounting, and Injunctive Relief.

4. Morgan has entered into this Stipulated Judgment and Order ("Order") freely and without coercion. Morgan further acknowledges that he has read the provisions of this Order and is prepared to abide by them.

5. BBI and Morgan hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## ORDER

**I. COMPLIANCE WITH THE NONCOMPETITION PROVISION OF THE LICENSE AGREEMENT**

IT IS ORDERED, ADJUDGED AND that Morgan shall represent and warrant that he has discontinued any and all businesses in competition with BBI or any of BBI's franchised businesses, and agrees to not directly, or indirectly, for himself, or through, on behalf of or in conjunction with any other person, for a continuously uninterrupted period of two years, beginning on May 1, 2011, own, maintain, operate,

engage in, or have any financial or beneficial interest in (including any interest in corporations, partnerships, trusts, unincorporated associations or joint ventures), advise, assist, or make loans to, any competitor that is, or is intended to be, located within a 25 mile radius the Budget Blinds® Licensed territory identified in the license agreement as zip codes 80512, 80513, 80515, 80517, 80521, 80522, 80523, 80524, 80525, 80526, 80527, 80528, 80535, 80538, 80539, 80541, 80547, 80549, all of which are located in the State of Colorado (the "Budget Blinds Licensed Territory"), or of any Budget Blinds® business in existence as of the date of execution of this Order. The term "competitor" shall include, by way of illustration without limiting the meaning thereof, any company that conducts similar operations within and markets their products and/or services in the Budget Blinds Licensed Territory or within a 25 mile radius of any Budget Blinds® business in existence as of the date of the execution of this Order.

## II. COMPLIANCE WITH THE POST-TERMINATION PROVISIONS OF THE LICENSE AGREEMENT

IT IS FURTHER ORDERED AND ADJUDGED that Morgan shall represent and warrant that he has performed the following acts:

1. Removed, at his expense, all identifying marks and signs erected or used by him and bearing BBI's proprietary marks, or any word or mark indicating that he was associated or affiliated with BBI;

2. Erased and/or obliterated from letterheads, stationary, printed material, advertising or other forms used by him the BBI marks and all words indicating that he was associated or affiliated with BBI;

3. Permanently discontinued all advertising of his businesses to the effect that they are associated or affiliated with BBI; and

4. Refrained from doing anything which would indicate that he was ever an authorized franchisee of BBI, including indicating, directly or indirectly, that he was licensed to use BBI's marks or any other

distinctive BBI system features or that he at any time operated under any name, word or mark associated or affiliated with BBI.

Morgan further represents and warrants that any trade names, service marks or trademarks used in any future business will be significantly different from those under which he had done business as a franchisee of BBI, and any sign formats used in this future business will be significantly different in color and type face than those used while doing business as a franchisee of BBI.

## III. FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## IV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or modification of this Order, or for the enforcement of compliance therewith.

## V. COMPLETE SETTLEMENT

The parties hereby consent to entry of the forgoing Order which shall constitute a final judgment and order in this matter with respect to the parties. The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action.

///

///

///

SO ORDERED this 13TH day of JUNE, 2011.

_____
Honorable Andrew J. Guilford
District Court Judge